IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Josephus Petaway,      Case No. 3:93CR746

    Defendant/Petitioner

    v.      **ORDER**

United States of America,

    Plaintiff/Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

In July, 1994, I found petitioner Josephus Petaway guilty of conspiring to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846; possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); and using a firearm in relation to a drug-trafficking offense, 18 U.S.C. § 924(c). I imposed a life sentence on the conspiracy count that was, given Petaway's offense level, mandatory, and 480-month sentences on the remaining counts.

The Sixth Circuit affirmed Petaway's convictions and sentences on the first two counts, but it vacated his firearms conviction. *U.S. v. Bingham*, 81 F.3d 617 (6th Cir. 1996).

Petaway then filed a § 2255 motion alleging, *inter alia*, trial counsel was ineffective for failing to argue I should not have relied on certain of Petaway's prior convictions to calculate his criminal history category. I denied the motion, and Petaway did not appeal.

In 2001, Petaway moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). He relied on Amendment 591 to the Sentencing Guidelines, which, through its retroactive effect, caused a one-

level reduction in Petaway's base offense level. Consequently, Petaway was eligible for a new guidelines range of 360 months to life imprisonment.

I granted the motion and imposed a 360-month sentence on each count, with the sentences running concurrently.

Petaway, who has spent nearly two decades in prison, now seeks relief by way of a second motion to vacate. (Doc. 627).

The gravamen of the motion is that I erroneously calculated Petaway's criminal history category at sentencing. Petaway contends, for various reasons, I should not have relied on certain of his prior convictions to calculate that history. He also contends trial counsel was ineffective for not objecting to the use of those convictions for sentencing purposes.

Because Petaway has already filed a § 2255 motion, I must decide whether his second-in-time motion is "second or successive." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b). If it is, Petaway must secure the Sixth Circuit's permission to proceed. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

According to the government, "[b]ecause Petaway has already filed an initial 28 U.S.C. § 2255 motion, any subsequent motion must be considered successive." (Doc. 630 at 5).

That is not, however, an accurate statement of the law: not all numerically second motions are "second or successive." *Smith*, *supra*, 690 F.3d at 609-10.

Rather, as Petaway correctly observes, a prisoner may file a second § 2255 motion without the court of appeals's permission where "an event transpired after the initial petition[ ] w[as] filed . . . which caused a previously unripe claim to mature factually." (Doc. 631 at 2); *accord Stewart v. Martinez-Villareal*, 523 U.S. 637, 642 (1998); *In re Salem*, 631 F.3d 809, 813-15 (6th Cir. 2011).

Petaway contends his claims became ripe for adjudication only in November, 2014, when the U.S. Sentencing Commission issued Amendment 782 to the Guidelines. That amendment, which applies retroactively, reduced the offense levels associated with the drug quantities specified in Guidelines 2D1.1 and 2D1.11. *U.S. v. Sullivan*, 2015 WL 1524089, *1 (N.D. Ohio).

After Amendment 782, Petaway's new base offense level would be 38.[1]

However, because Petaway has a category V criminal history category, his guidelines range would remain 360 months to life imprisonment. For that reason, Petaway seeks to launch a second collateral attack directed toward lowering his criminal history category.

Unfortunately for Petaway, these circumstances do not show the claims in his second § 2255 motion became ripe after his first round of § 2255 review concluded. Rather, they show only that Petaway has a new — and understandable — incentive to press those claims now.

At the time of Petaway's original § 2255 motion, claims directed toward lowering his criminal history category were unlikely to garner Petaway any relief from his sentence, given his base offense level. Now, however, with the recent changes to the Guidelines, it is Petaway's criminal history category that blocks a lower sentence.

"But what makes a claim unripe," at least for purposes of the exception to the bar on second or successive motions, "is that the factual predicate has not matured, not that the law was unsettled" or has changed. *U.S. v. Claycomb*, 577 F. App'x 804, 805 (10th Cir. 2014); *see id.* (claim that district court, rather than jury, found facts needed to impose mandatory minimum sentence "had matured by the time sentence was imposed," even though defendant's sentencing and first § 2255 motion

---

[1] This calculation assumes Petaway can also benefit from Guidelines Amendment 750, which took effect in 2011 and reduced the offense level for most cocaine-base offenses. *U.S. v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2011).

3

predated *Alleyene v. U.S.*, --- U.S. ----, 133 S. Ct. 2151 (2013)); *U.S. v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (numerically second petition not "second or successive" where movant alleged that, after his first round of § 2255 review ended, state courts vacated a conviction used to calculate Guidelines range); *U.S. v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013) (claim is "genuinely unripe" only "where the factual predicate that gives rise to the claim has not yet occurred"); *Leal-Garcia v. Quarterman*, 573 F.3d 214, 223 (5th Cir. 2009) (new claim is "non-successive . . . if the defect that it attacks did not arise until after the prior habeas proceeding").

Here, Petaway's claims were ripe for adjudication during his first round of collateral review, in 1997. Indeed, Petaway raised his current ineffective-assistance claim in the first § 2255 motion. Moreover, the factual predicate for challenging the use of his prior convictions to calculate his criminal history category was available at sentencing.

For these reasons, I conclude Petaway's numerically second § 2255 motion is, in fact, "second or successive."

It is, therefore,

ORDERED THAT the clerk of court transfer Petaway's motion to the U.S. Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge