IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:93CR746-2

        Plaintiff

        v.                                                        **ORDER**

Josephus M. Petaway,

        Defendant

        This is a criminal case in which the defendant, Josephus Petaway, has moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence. (Doc. 636).

        Petaway's case has a long history that the parties' briefs and prior decisions set forth in detail. (Docs. 636, 655); *see U.S. v. Bingham*, 81 F.3d 617 (6th Cir. 1996) (direct appeal); *Petaway v. U.S.*, 104 F. Supp. 3d 855 (N.D. Ohio) (successive § 2255 motion).

        As that history is not particularly relevant to the pending motion, I set forth only a summary.

        I sentenced Petaway to a mandatory life term for his conviction of conspiring to distribute cocaine and concurrent 480-month terms for his convictions of possessing cocaine with intent to distribute and using a firearm in relation to a drug-trafficking offense.

        The Sixth Circuit vacated the firearms conviction, but otherwise affirmed. *Bingham*, *supra*, 81 F.3d at 623–31.

        In 2002, I granted Petaway's first motion for a sentence reduction. I concluded that Amendment 591 caused a one-level reduction, from 43 to 42, in Petaway's base offense level, in

which case Petaway's new Guidelines range was 360 months' to life imprisonment. (Docs. 505, 509). Accordingly, I imposed 360-month sentences on Petaway's conspiracy and possession-with-intent-to-distribute convictions. (Doc. 533).

Petaway filed the present motion in June, 2015.

At the government's request, I held the motion in abeyance while Petaway opposed, in the Sixth Circuit, my order treating his second-in-time § 2255 motion as an unauthorized second or successive collateral attack. (Doc. 640); *Petaway*, *supra*, 104 F. Supp. 3d at 857–58.

On January 20, 2016, the Circuit concluded that Petaway's numerically second § 2255 motion was, in fact, second or successive and denied him leave to file the motion in this court. *In re Petaway*, No. 15-3536 (6th Cir. Jan. 20, 2016).

Petaway has since supplemented his motion for a sentence reduction (Doc. 654), the government has responded in opposition (Doc. 655), and Petaway has replied (Doc. 656).

The gravamen of the motion is that Amendments 750 and 782 to the Sentencing Guidelines have reduced Petaway's Guidelines range, and that Petaway is eligible for a sentence between 235 and 293 months' imprisonment. (Doc. 636 at 5).

As Petaway notes, Amendment 750 retroactively lowered the offense level for most offenses involving cocaine base. *U.S. v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2011). Amendment 782, which also applies retroactively, reduced the offense levels associated with the drug quantities specified in Guidelines 2D1.1 and 2D1.11.

There is no dispute that these Amendments would lower Petaway's base offense level by four levels, from 42 to 38. But even with a base offense level of 38, Petaway is ineligible for a reduced sentence without a corresponding reduction in his Criminal History Category, which is V.

This prompts Petaway to argue that his Criminal History Category is not, in fact, Category V. He contends, for example, that I never determined, at the original sentencing hearing, what category his criminal history fell into. He also argues that I failed to resolve an objection to that history that his attorney raised at sentencing.

Whatever merit such arguments may have,[1] they are outside the scope of this § 3582(c)(2) proceeding.

As the Supreme Court explained in *Dillon v. U.S.*, 560 U.S. 817, 827 (2010), proceedings under § 3582(c)(2) are of a "limited nature." The statute "does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the [U.S. Sentencing] Commission." *Id.* at 831.

In deciding a sentence-reduction motion, the court applies a "two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 826.

"At step one, § 3582(c)(2) requires the court . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. The court does this:

> by determining the amended guidelines range that would have been applicable to the defendant had the relevant amendment been in effect at the time of sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced and shall leave all other guidelines application decisions unaffected.

*Id.* (internal quotation marks and citations omitted).

---

[1] For purposes of completeness, I note the record establishes that I have repeatedly recognized that Petaway has a Category V criminal history. (Docs. 382, 505, 509; Doc. 522 at 5; Doc. 533 at 5).

3

Critically, "a court proceeding under § 3582(c)(2) shall substitute the amended Guidelines range for the initial range and shall leave all other guideline application decisions unaffected." *Id.* at 831 (internal quotation marks omitted).

The Amendments on which Petaway relies affect only his base offense level, not his Criminal History Category.

Substituting "the amended Guidelines range for the initial range" thus yields a new base offense level (38) but an unchanged Criminal History Category (V). The corresponding sentencing range remains 360 months to life imprisonment, the same range that applied when I first reduced Petaway's sentence. And because the Guidelines require that I "shall leave all other guideline application decisions unaffected," *Dillon*, *supra*, 560 U.S. at 831, I have no authority to recalculate Petaway's Criminal History Category.

In short, Amendments 750 and 782 "do[ ] not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), and Petaway is not entitled to a sentence reduction.

*Dillon* illustrates the point.

Dillon argued that the district court, in ruling on his § 3582(c)(2) motion, "should have adjusted his criminal-history category, which he now contends was erroneously inflated." *Dillon*, *supra*, 560 U.S. at 831.

The Supreme Court held that "Dillon's arguments in this regard are premised on" a "misunderstanding of the scope of § 3582(c)(2) proceedings[.]" *Id.* The Court explained that Dillon's criminal-history arguments were "outside the scope of the proceeding authorized by § 3582(c)(2)"

4

because the criminal-history component of his sentence was "not affected by the Commission's amendment to § 2D1.1[.]" *Id.*

The same is true here: because the Amendments at issue do not address criminal history, I may not recalculate Petaway's Criminal History Category. *Id.*; *see also U.S. v. Nairne*, 334 F. App'x 228, 231 (11th Cir. 2009) ("the district court correctly concluded that it lacked authority to reconsider," in § 3582(c)(2) proceeding, "Nairne's original criminal history calculations" where relevant Amendment did not affect Criminal History Category).

It is, therefore,

ORDERED THAT: Petaway's motion to reduce sentence (Doc. 636) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge