

FILED
APR 19 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

TOLEDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            CASE NO. 3:93CR00746-2-JGC

JOSEPHUS M. PETAWAY,

    Defendant.

_____/      JUDGE JAMES G. CARR

## MOTION FOR REDUCTION OF 360 MONTH TERM OF IMPRISONMENT
## PURSUANT TO SECTION 404 OF FIRST STEP ACT OF 2018

    **THE UNDERSIGNED,** Josephus M. Petaway ("Mr. Petaway"), in propria persona, pursuant to Section 404 0f the First Step Act of 2018 ("FSA-2018), hereby asks this court to

1

reduce his 360 month term of incarceration to time serve[1] and to reduce his five (5) year term of Supervised Release to three (3) years because application of the Act and prior Supreme Court precedent would cap his statutory maximum under Title 21 U.S.C.S. sec. 841(a)(1),(b)(1)(C) for each of his three (3) counts of conviction. See **Discussion of Apprendi v. New Jersey, 530 U.S. 466 (2000) and its Sixth Circuit progeny below.**

To verify his eligibility for this reduction, Mr. Petaway will briefly discuss the facts of his case and the germane law as they related to the FSA-2018.

## GERMANE FACTUAL HISTORY

A Grand Jury sitting in this District Court indicted Mr. Petaway for the following offenses:

Count 1 – Conspiracy to Possess with Intent to Distribute a unspecified amount of cocaine and cocaine base;

Count 4 and 5 – Possession with Intent to Distribute an amount of cocaine base.

Sitting as the factfinder, this Court found Mr. Petaway guilty of all of these counts; however, it specifically elided any specified drug quantity finding for any of these Counts. Instead, at Mr. Petaway's 30 January 1995 sentencing hearing, the Court held him accountable for a specified quantity of cocaine and cocaine base using a preponderance of evidence standard.

---

[1] Under the FSA-2018, Mr. Petaway is actually eligible to have his sentence reduced to Title 21 U.S.C.S. sec. 841(a)(1), (b)(1)(C)'s statutory maximum of 240 months; however, as of the date of this pleading, he has served well in excess of that maximum so he would simply ask this Court to reduce his sentence to time served and to reduce his five (5) year term of Supervised Release to three (3) years.

2

Using the Count One conspiracy to set a total offense level of 43, this Court imposed a life sentence[2] and a five (5) year term of Supervised Release.

In June 2001, Mr. Petaway filed a Title 18 U.S.C.S. sec. 3582(c)(2) Motion, and, on 4 April 2003, this Court granted and reduced his sentence to 360 months on all counts. Significantly, during this proceeding, the United States of America ("Government") conceded that if **Apprendi, supra,** applied during this proceeding, Mr. Petaway's statutory maximum for each of his counts of conviction would be capped at 240 months. It ultimately successfully argued that **Apprendi** did not apply during such proceeding.

Now, this matter is before this Court in light of the congressionally authorized retroactive application of the Fair Sentencing Act of 2010 as provided by the FSA-2018.

## APPLICATION OF THE RELEVANT STATUTES AND CASES

Per section 404 of the First Step Act 0f 2018, sections 2 and 3 of the Fair Sentencing Act of 2010 apply retroactively. Section 2 of the Fair Sentencing Act "increases the drug amount triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." **Dorsey v. United States, 567 U.S. 260, 269 (2012).** By virtue of this congressional drug quantity adjustment to sections 841(b)(1)(A) and (B), any drug quantity of less than 28 grams[3] of cocaine base falls under Title 21 U.C.S.C. section 841(a)(1),(b)(1)(C), which is limited

---

[2] This Court imposed 480 months terms on Counts 4 and 5.
[3] Section 841(b)(1)(C) indelibly implies as much; it only covers drug quantities outside of sec. 841(b)(1)(A) or (B).

3

to a statutory maximum of 240 months when the Government has not filed a proper Notice of Prior Conviction which is the case here.

Furthermore, since Congress authorized retroactive application of the Fair Sentencing Act of 2010 after **Apprendi** and its progeny, and the Supreme Court has repeatedly counseled us that it is understood that Congress passes statutes with Supreme Court authority in mind, **Apprendi** and its progeny apply to the Fair Sentencing Act of 2010. See **Cannon v. University of Chicago, 441 U.S. 677, 699 (1979)**("In sum, it is not only appropriate but also realistic to presume that Congress was thoroughly familiar with these unusually important precedents from this and other federal courts and that **it expected its enactment to be interpreted in conformity with them.**"). This is the same conclusion this Court's sister court reached in **United States v. Pugh, Case No. 5:95CR00145 (N.D. OH 25 March 2019)**("Because the jury made no finding as to the specific drug amount, subsequent Supreme Court precedent requires that defendant cannot be responsible for more than 50 grams."). Hence, contrary to a simple guideline amendment, Congress has specifically allowed federal courts to apply a federal statute retroactively along with its constitutional imperatives so it (Congress) would expect nothing less than **Apprendi** and its progeny to guide this Court in its analysis of Mr. Petaway's eligibility for a sentence reduction under the FSA-2018.

In *Apprendi v. New Jersey,* **530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),** the Supreme Court addressed the question of "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a

4

reasonable doubt." *Apprendi*, 120 S.Ct. at 2351. **Apprendi** had been convicted in state court of possession of a firearm for an unlawful purpose, an offense punishable by imprisonment for between five to ten years. *Id.* at 2352. However, at sentencing, the district judge found, by a preponderance of the evidence, that Apprendi had committed the crime with a purpose to intimidate individuals because of their race. This finding served to increase **Apprendi's** sentence under New Jersey's hate crime law to imprisonment for between ten and twenty years. *Id.* The Supreme Court reexamined its prior decisions in this area and confirmed as a rule of Constitutional law the principle first expressed in ***Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)**: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63. The Court explained that it does not matter that a particular fact is designated as a "sentencing factor." Rather, "the relevant inquiry is one not of form, but of effect does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 2365.

In ***United States v. Rebmann*, 226 F.3d 521 (6th Cir.2000)**, this Circuit applied *Apprendi* in a case where the defendant pled guilty to distribution of heroin in violation of 21 U.S.C. § 841. Pursuant to her plea, Rebmann was exposed to a maximum term of imprisonment of twenty years. However, the drug distribution statute provides for a factual determination to be made as to whether the distribution of drugs caused death or serious bodily injury which, if so found, increases the maximum penalty from twenty years to life imprisonment. **21 U.S.C. § 841(b)(1)(A)**. The district court found, by a preponderance of the evidence, that a death resulted from **Rebmann's** distribution of drugs and sentenced her to a term of 292 months. A panel of

5

this Court explained that, in light of *Apprendi*, "[o]ur duty ... is to examine whether the sentencing factor in this case was a factual determination, and whether that determination increased the maximum penalty for the crime charged in the indictment." Finding that the issue of whether the distribution of drugs caused death or serious bodily injury was a factual determination that increased the maximum penalty to which **Rebmann** was exposed, the Court reversed Rebmann's sentence and remanded the case to the district court.

The Court finds the principles set forth in *Apprendi* applicable in **United States v. Page, 232 F.3d 536 (6th Cir. 2000)**. In count one of the **Page** indictment, the defendants were charged with conspiracy to distribute and possess with the intent to distribute crack cocaine. There was no mention of quantity in the indictment and the jury made no findings regarding quantity. Pursuant to the provisions of § 841, the quantity of drugs was a factual determination that significantly impacted the sentence imposed. Section 841(b)(1)(C) provides for a maximum penalty of 20 years unless the crime involves a quantity of drugs as set forth in subsections (A) or (B). Those subsections (then) provided for a maximum penalty of 40 years if the crime involved 5 grams or more of crack cocaine, *see* § 841(b)(1)(B), and a maximum penalty of life imprisonment if the crime involved 50 grams or more of crack cocaine, *see* § 841(b)(1)(A). The district judge found, by a preponderance of the evidence, the quantity of drugs for which each defendant was accountable. Based on this drug quantity determination, each defendant was sentenced to a term of imprisonment exceeding the 20 year maximum set forth in § 841(b)(1)(C). However, as instructed in *Apprendi*, a defendant may not be exposed to a greater punishment than that authorized by the jury's guilty verdict. The jury merely found that defendants conspired to distribute and possess to distribute some undetermined amount of crack cocaine. "**As such,**

defendants cannot be subjected to the higher penalties under § 841(b)(1)(A) or (B). Rather, the maximum sentence that may be imposed on this count is 20 years pursuant to § 841(b)(1)(C)." Page, supra at 543 (emphasis added).

Returning to the germane facts of this case, if Sections 2 of the Fair Sentencing Act of 2010 applied to Mr. Petaway's case, since Count One of Mr. Petaway's indictment failed to allege any drug quantity that would trigger section 841(b)(1)(A) or (B) in light of **Apprendi** and its progeny, and, importantly, it did not make a drug quantity finding that would trigger any of those provisions, this Court would be limited to imposing a term of imprisonment consistent with section 841(b)(1)(C)'s 240 month statutory maximum if it elected to exercise its discretion to reduce his term of imprisonment.

Finally, as he has noted in several of his recent filings, during his incarceration,[4] he only received one incident report for Insolence/Refusing an Order; other than that, he has maintained clear conduct and earned degrees in Paralegal Studies (2005) and Business Technology (2009), respectively. He also successfully completed and taught numerous classes in the Bureau of Prisons.

Therefore, this Court should exercise its discretion to reduce Mr. Petaway's 360 month sentence to time served and to reduce his Supervised Release from five (5) to three (3) years.

---

[4] He is currently incarcerated at Oriana (halfway house) in Cleveland, OH and is scheduled for release on 17 August 2019.

## CONCLUSION

**WHEREFORE,** Mr. Petaway asks this Court to grant him the relief requested in this Motion or any relief it deems just and proper.

Dated: 15 April 2019

Respectfully submitted,

*[signature]*

Josephus M. Petaway

1829 East 55th Street

Cleveland, OH 44103

(216) 303-3184

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED,** Josephus M. Petaway, hereby certifies that on 16 April 2019, he placed a True and Correct copy of the foregoing First Step Act of 2018, Sec. 404 Motion in a United State Postal Mailbox in Cleveland, OH, with first class postage affixed addressed to the following persons: Office of the United States Attorney, Northern District of Ohio, Four Seagate Plaza, Suite 308, Toledo, OH 43604.

*[signature]*

Josephus M. Petaway